UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | |
|---|---|
| MARVIN GREEN, #432484, | ) |
| *Plaintiff*, | ) ) ) |
| v. | ) No.: 2:14-cv-101-RLJ ) |
| STATE OF TENNESSEE, DERRICK SCHOFIELD, and JUDGE JERRY BECK, | ) ) ) ) |
| *Defendants*. | ) ) |

## MEMORANDUM and ORDER

Marvin Green, a prisoner in the custody of the Tennessee Department of Correction, brings this *pro se* civil rights complaint for injunctive relief (to wit, release from confinement) under 42 U.S.C. § 1983 (Doc. 1). It appears from the application that plaintiff lacks sufficient financial resources to pay the $350.00 filing fee all at once. Nonetheless, because plaintiff is a prisoner, he is **ASSESSED** the filing fee of three hundred and fifty dollars ($350). *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

The custodian of plaintiff's inmate trust account at the institution where he now resides shall submit, twenty percent (20%) of plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 has been paid to the Clerk's Office. 28 U.S.C. § 1915(b) (1) (A) and (B); *McGore*, 114 F.3d at 607.

Payments should be sent to: Clerk, USDC; 220 W. Depot St., Suite 200; Greeneville, TN 37743. To ensure compliance with the fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where plaintiff is now confined. The Clerk is also **DIRECTED** to furnish a copy of this order to the Court's financial deputy. This order shall be placed in plaintiff's prison file and follow him if he is transferred to another correctional institution.

In order to state a claim under 42 U.S.C. § 1983, plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992). *See also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

Pursuant to the Prison Litigation Reform Act (PLRA), district courts must screen prisoner complaints and sua sponte dismiss those that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g., Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).

> Responding to a perceived deluge of frivolous lawsuits, and, in particular, frivolous prisoner suits, Congress directed the federal courts to review or "screen" certain complaints sua sponte and to dismiss those that failed to state a claim upon which relief could be granted, that sought monetary relief from a defendant immune from such relief, or that were frivolous or malicious.

*Id.* at 1015-16 (6th Cir. 1999) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A).

2

The Court must now review the complaint to determine whether it states a claim entitling plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A. In performing this task, the Court bears in mind the rule that *pro se* pleadings filed in civil rights cases must be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, the complaint must be sufficient "to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which simply means the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The Court examines the complaint in light of those requirements.

The statement of claims in the complaint reads, in its entirety:

> 1) I'm being restrained of my liberty by order of Judge Jerry Beck on an [sic] fraud accusation. The accusation that I'm being restrained of my liberty is not an offense in the State of Tennessee. 2) Derrick Schofield is holding plaintiff into involuntary servitude without an [sic] proper offense (conviction). This indictment & judgment that's restraining me of my liberty do [sic] not track the language of statute[.]

(Doc. 1, Compl. at 2). For the alleged violations of his constitutional rights, plaintiff asks that he "be discharge [sic] from all restrains [sic] and involuntary servitude," (*Id*. at 3).

The law is clear: Challenges to either the fact or the duration of confinement must be brought solely by way of a petition for writ of habeas corpus. *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973); *Schilling v. White*, 58 F.3d 1081, 1083 (6th Cir. 1995) ("The Court in

3

*Preiser* concluded that when a prisoner seeks equitable relief that challenges the fact or duration of confinement, as opposed to the conditions of confinement, habeas corpus was the sole form of relief."); *Williams v. Stanton*, No. 85-5462, 1986 WL 16053 (6th Cir. June 16, 1986) (affirming dismissal of § 1983 action as frivolous because "plaintiff really sought to attack the fact and duration of his confinement") (citing *Preiser*, 411 U.S. at 490).

In addition to the above, this Court has carefully reviewed this case pursuant to 28 U.S.C. § 1915(a) and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Accordingly, should plaintiff file a notice of appeal, he must also submit an application for leave to appeal *in forma pauperis* and a certified copy of his inmate trust account statement showing the transactions in his account for the preceding six-month period.

Finally, all pending motions are **DENIED** as **MOOT** (Docs. 4-7).

A separate order shall enter.

**ENTER:**

_____
LEON JORDAN
UNITED STATES DISTRICT JUDGE